UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRAINTREE LABORATORIES, INC. and AFFORDABLE PHARMACEUTICALS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BEDROCK LOGISTICS, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT AND JURY DEMAND**

Plaintiffs Braintree Laboratories, Inc. ("Braintree") and Affordable Pharmaceuticals, LLC ("Affordable"), by their counsel, Pollack Solomon Duffy LLP, for their Complaint and Jury Demand state as follows:

**Preliminary Statement**

1. Defendant Bedrock Logistics, LLC ("Bedrock") engaged in a four-year commercial bribery scheme to obtain, and maintain, business from Braintree and Affordable. Bedrock made secret kickback payments that corrupted a Braintree employee, in exchange for that employee ensuring that Braintree and Affordable engage Bedrock's services to ship Braintree's and Affordable's products. Under this scheme, Bedrock made a corrupt payment to a Braintree employee for every shipment that the employee arranged through Bedrock. By paying the Braintree employee kickbacks that amounted to tens of thousands of dollars Bedrock gained an unfair advantage over its competitors that not only allowed Bedrock to obtain and then hold

onto Braintree's and Affordable's business for years, but also allowed Bedrock to overcharge Braintree and Affordable for those services.  As a result of this scheme, Bedrock defrauded Braintree and Affordable out of millions of dollars in payments over approximately four years.

## Parties

2.      Plaintiff Braintree is a Massachusetts corporation having its principal place of business at 60 Columbian Street West, Braintree, Massachusetts.

3.      Plaintiff Affordable Pharmaceuticals is a Massachusetts limited liability company having its principal place of business at 60 Columbian Street West, Braintree, Massachusetts. Braintree is the sole member of Affordable, and thus Affordable is a wholly owned subsidiary of Braintree.  Braintree employees provide various services to Affordable, including arranging for shipping services for Affordable's products.

4.      Defendant Bedrock Logistics, LLC is a Texas limited liability company with its principal place of business in Dallas, Texas.  Upon information and belief, Bedrock holds itself out as owned and operated by Robert Schlegel, a domiciliary of Texas.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as there is complete diversity and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  On information and belief, no member of Bedrock is a Massachusetts domiciliary.

6.      This Court has personal jurisdiction over Bedrock, as it regularly conducts business in Massachusetts.  With respect to the specific transactions alleged herein, Bedrock worked through and paid an agent located in Massachusetts, who assisted Bedrock to establish the relationship with Braintree and Affordable, both of which are based in Massachusetts, and

who played a central role on behalf of Bedrock in carrying out Bedrock's illegal scheme of commercial bribery in Massachusetts. The services that Bedrock provided to Braintree and Affordable involved Bedrock arranging for the pickup and shipment of Braintree's and Affordable's products from their locations in Massachusetts.

7.   Venue is appropriate in the District of Massachusetts because Braintree and Affordable maintain their usual and primary places of business in Massachusetts, and a substantial part of the events and omissions giving rise to the dispute occurred in the District of Massachusetts.

**Factual Allegations**

8.   Braintree and Affordable manufacture and sell pharmaceutical products from their headquarters, manufacturing, and warehouse locations, all of which are located in Massachusetts.

9.   Bedrock is a shipping and freight company that provides and facilitates shipping services to its clients, including arranging for the pick-up, shipment, and delivery of its customers' products.

10.  Since in or about May 2012 until in or about August 2016, Bedrock provided shipping services for Braintree and Affordable, regularly moving shipments of Braintree's and Affordable's products from Massachusetts to locations throughout the United States. Braintree and Affordable paid Bedrock for these services through the interstate banking system and United States mail, mailing checks drawn on Braintree's and Affordable's accounts in Massachusetts to Bedrock in Texas.

11.  From the outset of the relationship, Bedrock knowingly and intentionally used a sales agent in Massachusetts named Jim Sears to obtain Braintree's and Affordable's shipping

business. At all relevant times, Mr. Sears has worked in Massachusetts and took all of his actions alleged herein on behalf of Bedrock in Massachusetts.

12.   Despite Bedrock's awareness that Mr. Sears was employed by a competitor of Bedrock, Bedrock agreed to compensate, and in fact corruptly compensated, Mr. Sears by paying him a large commission for the placement of Braintree's and Affordable's shipping business with Bedrock. Under their arrangement, Bedrock paid to Mr. Sears approximately 40% of the fees that it collected from Braintree and Affordable for the shipping services that Braintree obtained from Bedrock through Mr. Sears.

13.   Because Mr. Sears was employed by one of Bedrock's competitors, Bedrock and Mr. Sears agreed to keep their arrangement secret from Mr. Sears's employer.

14.   Bedrock first obtained, and then maintained, Braintree's and Affordable's business by making secret payments through Mr. Sears to a Braintree employee, Henry Villalobos. Bedrock made these corrupt payments to Mr. Villalobos in exchange for Mr. Villalobos arranging for Braintree and Affordable to use Bedrock for regular and substantial shipping transactions. Pursuant to this scheme, Bedrock paid Mr. Villalobos a kickback payment on a per-shipment basis for each shipment that he caused Braintree or Affordable to make through Bedrock.

15.   Mr. Villalobos's superiors at Braintree were unaware of these kickback payments until in or about August 2016, at which point they terminated Mr. Villalobos's employment and ceased using Bedrock's services.

16.   Over the course of the approximately four-year period during which Bedrock made these ongoing and improper payments to Mr. Villalobos, which Mr. Sears delivered in cash or personal checks from Mr. Sears, Bedrock paid Mr. Villalobos at least tens of thousands of

dollars. Bedrock corruptly and surreptitiously paid Mr. Sears hundreds of thousands of dollars in exchange for Mr. Sears securing and maintaining Braintree's and Affordable's business in this way.

17.  Mr. Sears entered into this scheme on Bedrock's behalf as Bedrock's agent, and did so with Bedrock's knowledge and encouragement from the outset. Bedrock's senior management was involved in the original effort to obtain Braintree's and Affordable's business and knew of the illegal scheme from the outset.

18.  When the scheme started, Mr. Sears discussed the illegal payments with Bedrock's senior management, which instructed Mr. Sears to make the payments directly to Mr. Villalobos. Bedrock's senior management also indicated to Mr. Sears that it understood that Braintree's management had not been informed of and had not approved these payments to Mr. Villalobos.

19.  Mr. Sears also discussed with Bedrock's Vice President of Sales the payments that were being made to Mr. Villalobos. The Bedrock Vice President for Sales understood that Braintree's management had not been informed of and had not approved these payments to Mr. Villalobos. Those payments continued through August 2016 until Mr. Villalobos was terminated.

20.  Both Mr. Sears and Mr. Villalobos have signed written confessions implicating themselves and Bedrock in this scheme.

21.  Bedrock's use of kickbacks to Mr. Villalobos not only obtained for Bedrock an unfair competitive advantage in obtaining and maintaining Braintree's and Affordable's shipping business, ensuring that Braintree and Affordable paid to Bedrock millions of dollars, but also allowed Bedrock to overcharge Braintree and Affordable for those services. Bedrock was able to

charge Braintree and Affordable approximately or more than a 40% premium over market prices for the services provided, as compared to what the services would have cost using honest vendors had Bedrock not corrupted Mr. Villalobos with the illegal kickbacks.

22. Braintree also paid Mr. Villalobos for his services, but was deprived of honest services from Mr. Villalobos, whose corrupt arrangement with Bedrock caused Braintree to pay millions of dollars to Bedrock.

**Count One**
**(Conspiracy)**

23. Braintree and Affordable repeat each of their allegations in Paragraphs 1 through 22 as if fully set forth herein.

24. Bedrock combined, agreed, and conspired with Mr. Sears, Mr. Villalobos and others to unlawfully and corruptly obtain and maintain Braintree's and Affordable's business, without the need for competitive prices, through kickbacks and commercial bribery, which is illegal in Massachusetts, made criminal under M.G.L. c. 271, § 39.

25. Bedrock, Mr. Sears and Mr. Villalobos engaged in overt acts in furtherance of the conspiracy by, among other things, making and accepting, respectively, kickback payments and billing Braintree and Affordable excessive amounts.

26. Bedrock and Mr. Villalobos acted knowingly, willfully, intentionally, corruptly, in bad faith, and with a reckless disregard for the rights of Braintree and Affordable, with a desire to unlawfully obtain money from Braintree and Affordable through the commercial bribery scheme alleged herein.

27. By working together in the manner alleged herein, Bedrock, Mr. Sears and Mr. Villalobos were able to cause harm to Braintree and Affordable in a manner that they would not have been able to do had they not acted in combination with one another.

28. The scheme alleged herein directly and proximately caused Braintree and Affordable to suffer damages alleged herein.

### Count Two
### (Aiding and Abetting Breach of Fiduciary Duty)

29. Braintree and Affordable repeat each of their allegations in Paragraphs 1 through 28 as if fully set forth herein.

30. By virtue of his employment relationship as a shipping manager, Mr. Villalobos owed Braintree and Affordable fiduciary duties, which included the duty of loyalty.

31. Mr. Villalobos breached his duty of loyalty by his conduct alleged herein.

32. Bedrock was aware of Mr. Villalobos's employment relationship and the duties it involved. Nevertheless, Bedrock knowingly, intentionally and willfully acted in a manner designed to assist Mr. Villalobos to violate his duties of loyalty by, among other things, making secret payments to him for the purpose of inducing him to act against Braintree's and Affordable's financial interests, as alleged herein.

33. The scheme alleged herein directly and proximately caused Braintree and Affordable to suffer damages alleged herein.

### Count Three
### (Breach of the Duty of Good Faith and Fair Dealing)

34. Braintree and Affordable repeat each of their allegations in Paragraphs 1 through 33 as if fully set forth herein.

35. Bedrock entered into an agreement with Braintree and Affordable to provide the shipping services, as alleged herein. Implied in this contractual relationship is a duty of good faith and fair dealing.

36. Through its conduct alleged herein, including but not limited to secretly corrupting Mr. Villalobos so as to enable it to charge Braintree and Affordable more for the services than they were worth, Bedrock acted in bad faith when carrying out the contract with Braintree and Affordable.

37. Braintree and Affordable performed all of their obligations pursuant to the agreement, including by paying for the services provided, except to the extent their performance was excused by Bedrock's misconduct.

38. All conditions to Bedrock's duty of good faith and fair dealing were satisfied or excused.

39. Bedrock's breach of its duty of good faith and fair dealing directly and proximately caused Braintree and Affordable to suffer damages alleged herein.

### Count Four
### (Violation of Massachusetts General Laws Chapter 93A)

40. Braintree repeats each of its allegations in Paragraphs 1 through 39 as if fully set forth herein.

41. Bedrock's kickback scheme constitutes commercial bribery, which is illegal in Massachusetts, made criminal under M.G.L. c. 271, § 39, where Braintree and Affordable are located and where the scheme was primarily and substantially carried out by Bedrock through its Massachusetts-based agent.  In addition, given the manner in which the scheme in which Bedrock engaged was carried out, including the use of interstate commerce, mail, and transportation, that scheme was illegal under federal law, made criminal under the Travel Act, 18 U.S.C. § 1952.

42. Given the corrupt, illegal and criminal nature of the conduct in which Bedrock engaged, Bedrock's conduct and the nature of its scheme constituted unfair business practices under Massachusetts's M.G.L. 93A.

43. Bedrock directed its misconduct at issue at causing harm to Massachusetts entities, which harm has been and would be suffered primarily and substantially in Massachusetts. Bedrock carried out its scheme primarily and substantially in Massachusetts, where Mr. Sears, Mr. Villalobos, Braintree, and Affordable have been located at all relevant times.

44. Bedrock committed its misconduct described herein knowingly, intentionally, and wilfully.

45. Bedrock is liable to Braintree for all the damages that it has caused, which include the cost of the services for which Braintree and Affordable paid, the overcharges that exceed $1.3 million, the costs of uncovering and investigating the scheme, and payments to Mr. Villalobos while he served Bedrock instead of Braintree and Affordable.

46. Bedrock is liable for multiple damages, and an award of reasonable attorneys' fees and expenses incurred in this action.

### Count Five
### (Tortious Interference)

47. Braintree and Affordable repeat each of their allegations in Paragraphs 1 through 46 as if fully set forth herein.

48. At all relevant times through in or about the summer of 2016, Braintree had an employment contract with Mr. Villalobos and shipping arrangements with other providers.

49. Bedrock intentionally interfered with Braintree's contractual relationship and prospective economic advantage with Mr. Villalobos and Braintree's and Affordable's existing

shippers, by causing him to act disloyally, in violation of the duties he owed as a Braintree employee, and replacing shipping services with those corrupt services through Bedrock.

50. Bedrock engaged in such interference with improper motives and through improper and corrupt means including kickbacks and commercial bribery as alleged herein.

51. These acts of tortious interference by Bedrock have directly and proximately caused Braintree and Affordable to suffer the harm alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Braintree and Affordable pray for the following relief:

1. That judgment be entered in their favor and against Bedrock on their claims;

2. That the Court award to Braintree and Affordable compensatory and multiple damages, with pre-judgment and post-judgment interest, in the maximum amount allowed by law;

3. That the Court award to Braintree and Affordable their attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest; and,

4. That the Court award to Braintree and Affordable any and all further and other relief to which they may be entitled at law or in equity.

**Braintree and Affordable Demand a Jury on All Issues So Triable**

Respectfully submitted,

/s/ Joshua L. Solomon
Barry S. Pollack (BBO#642064)
Joshua L. Solomon (BBO#657761)
POLLACK SOLOMON DUFFY LLP
133 Federal Street, Suite 902
Boston, MA  02110
617-439-9800 (Tel)
617-960-0490 (Fax)
bpollack@psdfirm.com
jsolomon@psdfirm.com

September 27, 2016

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Braintree Laboratories, Inc.
Affordable Pharmaceuticals, LLC

**(b)** County of Residence of First Listed Plaintiff: Norfolk, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pollack Solomon Duffy LLP
133 Federal St., Suite 902
Boston, MA 02110

## DEFENDANTS
Bedrock Logistics, LLC

County of Residence of First Listed Defendant: Dallas, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Commercial Bribery Scheme

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 09/27/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/ Joshua L. Solomon

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.**  Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** Braintree Laboratories, Inc. v. Bedrock Logistics, LLC

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  110, 130, 140, 160, 190, 196, 230, 240, 290, 320, 362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   ☐ III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** Joshua L. Solomon
**ADDRESS** Pollack Solomon Duffy LLP, 133 Federal St., Suite 902, Boston, MA 02110
**TELEPHONE NO.** 617-960-0556

(CategoryForm3-2016.wpd )