UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRAINTREE LABORATORIES, INC., *
& AFFORDABLE PHARMACEUTICALS, *
            *
  Plaintiffs, *
    v. *  Civil Action No. 16-11936-IT
            *
BEDROCK LOGISTICS, LLC, *
            *
  Defendant. *
            *
**************************************
            *
BEDROCK LOGISTICS, LLC, *
            *
  Counterclaim Plaintiff & *
  Third-Party Plaintiff, *
    v. *
            *
BRAINTREE LABORATORIES, INC., *
& AFFORDABLE PHARMACEUTICALS, *
            *
  Counterclaim Defendants, *
            *
  & *
            *
JAMES SEARS & HENRY *
VILLALOBOS, *
            *
  Third-Party Defendants. *
            *
**************************************
JAMES SEARS, *
            *
  Third-Party Counterclaim Plaintiff, *
    v. *
            *
BEDROCK LOGISTICS, LLC., *
            *
  Third-Party Counterclaim Defendant. *

MEMORANDUM & ORDER

June 19, 2017

TALWANI, D.J.

Braintree Laboratories, Inc. and Affordable Pharmaceuticals ("Braintree") brought claims in this court against Bedrock Logistics, LLC. ("Bedrock"). Complaint [#1]. Bedrock's claims against Braintree, originally filed in Texas state court, are now entered here as counterclaims. See Order [#70]. Bedrock has brought third-party claims against James Sears and Henry Villalobos [#53], and James Sears has counterclaimed against Bedrock. [#62].

Before the court are Henry Villalobos' Motion to Dismiss [#58] Bedrock's third-party complaint, and Bedrock's Motion to Dismiss [#64] the counterclaims brought by James Sears.

I. Villalobos' Motion to Dismiss

Braintree's complaint alleges that Bedrock orchestrated a fraudulent scheme whereby Bedrock's independent sales contractor, James Sears, paid kickbacks to Braintree's employee, Henry Villalobos, to secure Braintree's business at augmented rates. Complaint [#1]. Bedrock's third-party complaint against Villalobos seeks contribution and indemnification for any liability to Braintree, and also pleads a separate cause of action for civil conspiracy. [#53]. Villalobos argues no facts alleged support any of these claims.

A right of contribution exists under Mass. Gen. Laws ch. 231B, § 1 "where two or more persons become jointly liable in tort for the same injury to person or property." That is, "contribution is allowed between joint tortfeasors who cause another, by reason of their wrongdoing, to incur injury or damage." Elias v. Unisys Corp., 573 N.E.2d 946, 948 (Mass. 1991). The party from whom contribution is sought needn't have committed the same tort as the party seeking contribution, but instead must have tortiously caused the same injury for which the party seeking contribution is being held liable. Wolfe v. Ford Motor Co., 434 N.E.2d 1008, 1011 (Mass. 1982).

Here, the Amended Complaint details allegations that Villalobos, unbeknownst to his superiors, received kickback payments in return for causing Braintree to use Bedrock's services. See ¶¶ 15, 16, 2. The complaint further alleges that these services were overcharged. Id. ¶ 21. These facts suffice to plead an action for, by way of example, breach of fiduciary duty—"an action that sounds in tort," Lattuca v. Robsham, 812 N.E.2d 877, 882 (Mass. 2004), and which, if true, would allow Braintree to show there is "a duty owed to [Braintree] by [Villalobos] and injury to [Braintree] proximately caused by the breach." Estate of Moulton v. Puopolo, 5 N.E.3d 908, 921 (Mass. 2014).[1]

Thus, Bedrock may have a right of contribution against Villalobos if i) Bedrock is found liable for Braintree's injuries, and ii) Bedrock proves that Villalabos is liable (at least in part) for those injuries. Because the pleaded facts allow for a plausible inference for such conclusions, dismissal of this claim is improper. Villalobos' Motion to Dismiss [#58] is accordingly DENIED as to contribution.

In contrast to contribution, indemnification under Massachusetts law arises either by way of contract, an implied contractual right arising from a relationship between the parties, or a "tort-based" theory rooted in vicarious or "technical" liability, where a non-culpable party—being held liable solely by dint of its relationship to a culpable party—seeks indemnification from that culpable party. Araujo v. Woods Holes, Martha's Vineyard, Nantucket S.S. Authority, 693 F.2d 1, 2-3 (1st Cir. 1982). While a party may plead contribution and indemnity in the alternative where the facts so allow, here no facts plausibly allege a sufficient nexus between Bedrock and Villalobos that would give rise to indemnity. Accordingly, Villalobos' Motion to

---

[1] Further, Braintree identifies Villalobos as a conspirator in its civil conspiracy claim against Bedrock. Id. ¶ 24.

3

Dismiss [#58] ALLOWED as to indemnity, and Count II of Bedrock's Third-Party Complaint against Villalobos is DISMISSED.

Finally, although Bedrock styles its count for civil conspiracy as a standalone cause of action, it conditions that action as follows: "If Plaintiffs recover against Bedrock, Bedrock should be permitted to recover its damages from Sears and Villalobos under a theory of conspiracy." Third-Party Complaint [#53] ¶ 24. The civil conspiracy claim primarily alleges harm to Braintree, rather than Bedrock. Id. ¶¶ 22, 23. And Bedrock's memorandum in opposition to Villalobos' Motion to Dismiss consists entirely of arguments regarding the sufficiency of facts alleged in Braintree's, rather than Bedrock's, complaint, and regarding Villalobos' "fault for [Braintree's] alleged damages." Opp. to Mot. to Dismiss [#63] p. 4. Bedrock's conspiracy claim thus appears largely duplicative of its contribution claim. However, as a standalone cause of action that may provide for different remedies, the court DENIES Villalobos' Motion to Dismiss [#58] as to conspiracy.

II. Bedrock's Motion to Dismiss

Sears has brought counterclaims against Bedrock for breach of contract, breach of the implied warranty of good faith and fair dealing, and a count under Mass. Gen. Laws ch. 93A, §§ 2, 11. Answer and Counterclaims [#62].

Bedrock moves to dismiss these counterclaims, arguing that Sears' contract claims should be dismissed for want of damages. But if, as Sears alleges, Bedrock did breach its contract with Sears by defrauding Braintree, Sears would have suffered damages by, for example, losing a source of business income from the Braintree-Bedrock relationship. Moreover, Bedrock's conduct, as alleged, amounts to more than mere breach, but instead deception, which suffices to allow a claim for an "unfair or deceptive act or practice" under Mass. Gen. Laws ch. 93A, §§ 2,

4

11. The court DENIES Bedrock's Motion to Dismiss [#64] these counterclaims

   III. Conclusion

   For the foregoing reasons, Villalobos' Motion to Dismiss [#58] is ALLOWED IN PART as to indemnity, but is otherwise DENIED. Bedrock's Motion to Dismiss [#64] is DENIED.

   IT IS SO ORDERED.

DATE: June 19, 2017                                    /s/ Indira Talwani
                                                       United States District Judge